# EXHIBIT A

## Settlement Agreement and Global Release

This Settlement Agreement and Global Release ("*Agreement*") is entered into by and between Ryan Drake ("*Drake*") and Rocanda USA Inc. (including its affiliates, subsidiaries, successors, parent and related entities) ("*Rocanda*"). Drake and Rocanda are collectively referred to herein as the "*Parties*." This Agreement will become fully binding and enforceable on the eighth day after Drake timely returns an executed copy of this Agreement to Rocanda, provided that Drake does not timely deliver a written revocation to Rocanda as set forth more fully under Section 11 of this Agreement (the "*Effective Date*").

### Summary

A.      Drake previously worked for Rocanda from about October 2023 until about March 2024.

B.      In or about April 2024, the United States Department of Labor, Wage and Hour Division (the "*DOL*") informed Rocanda that the DOL planned to conduct an audit of Rocanda's wage and hour practices to opine on Rocanda's compliance with the Fair Labor Standards Act ("*FLSA*"). Ultimately, Rocanda agreed to a settlement in lieu of litigation with the DOL to resolve bona fide disputes regarding alleged unpaid overtime and liquidated damages, including for Drake (the "*DOL Settlement*"). As part of the DOL Settlement, Rocanda paid Drake, through deposits made with the United States Department of Treasury, certain monies in connection with the DOL Settlement.

C.      Around that same time, Drake initiated a lawsuit styled Civil Action No. 5:24-cv-00368-OLG, *Ryan Drake v. Rocanda USA Inc.*, In the United States District Court for the Western District of Texas, San Antonio Division (the "*Lawsuit*"), in which Drake asserted claims against Rocanda for alleged unpaid overtime, damages, and retaliation under the FLSA.

D.      Rocanda denies Drake's allegations and causes of action and has asserted defenses to Drake's claims. The Parties agree a bona fide dispute exists between Drake and Rocanda as to the amounts and damages, if any, owed to Drake.

E.      To avoid the costs and uncertainty of litigation, the Parties desire to fully and finally settle and resolve all disputes and controversies Drake may have against the Released Parties (defined below) from the beginning of time until the Effective Date, including all claims and causes of action asserted in the Lawsuit as well as any others that currently exist or that may exist in the future relating to Drake's work for, separation of employment from, and association and relationship with Rocanda and the Released Parties, subject to and upon the terms and conditions set forth herein.

F.      The Parties agree to formalize—in writing only and in this Agreement only—their understanding and agreement related to Drake's separation from his employment, his global release of claims, and the full and complete consideration Drake will receive from Rocanda in exchange for his release of claims.

### Terms and Conditions

NOW, THEREFORE, in consideration of the covenants, promises, obligations, and Drake's global release set forth herein, and in full settlement of all such claims, grievances, and Actions (defined below), the Parties agree, on behalf of themselves and any and all of their predecessors, successors,

assigns, insurers, and any other parties or persons claiming by, through, or under any of the Parties hereto, as follows:

1.       **No Admission of Liability**: Drake understands and agrees that nothing in this Agreement shall be construed to be an admission by Rocanda of any wrongdoing, liability, or noncompliance with any federal, state, or local rule, ordinance, constitution, statute, contract, public policy, wage and hour law, wage payment law, tort law, common law, or any other unlawful conduct, liability, wrongdoing, or breach of any duty whatsoever. Rocanda specifically disclaims and denies any wrongdoing or liability to Drake, and Drake acknowledges this Agreement is in compromise of disputed claims and entered into solely to avoid the expense and inconvenience of further legal proceedings, including the Lawsuit, and not because Rocanda or any of the other Released Parties believe Drake's claims in the Lawsuit have or had any merit whatsoever.

2.       **Settlement Amount**: In consideration for and subject to Drake (i) timely executing and delivering this Agreement to Rocanda and not revoking Drake's acceptance of the Agreement, (ii) complying with the terms of this Agreement, and (iii) fully resolving all claims and issues Drake may have with or against the Released Parties, including dismissing the Lawsuit with prejudice, Rocanda agrees to pay Drake the total gross amount of Ten Thousand Dollars and Zero Cents ($10,000.00) (the "*Settlement Payment*"). The Settlement Payment consists of two checks as follows:

   2.1       One check will be made payable to Wage and Hour Firm in the amount of $4,818.00, representing Drake's attorney's fees and expenses incurred in this matter. An IRS Form 1099 will be issued for this check. Wage and Hour Firm will provide a completed Form W-9 to facilitate this payment.

   2.2       One check, representing alleged liquidated damages suffered by Drake in the amount of $5,182.00, with no taxes withheld, will be made payable to Drake and reported on an IRS Form 1099 as other income.

   2.3       Provided Drake has not timely revoked his acceptance, the checks described above will be delivered to Wage and Hour Firm on or before the seventh (7th) day after the revocation period expires.

Drake agrees and acknowledges that has been properly paid for all hours worked for Rocanda, that all salary, wages, commissions, bonuses, benefits, sick leave, other leave, insurance or any other compensation due to Rocanda have been paid, and that Drake is not owed anything else from Rocanda other than as provided in this Agreement. Drake further acknowledges the Settlement Payment is more than Rocanda is required to provide Drake under Rocanda's regular policies and procedures and is more than would otherwise be owed to Drake if Drake were not to sign this Agreement.

3.       **DOL Settlement Payments**: Rocanda agrees the DOL Settlement payments Rocanda previously made to the Department of Treasury for Drake (totaling the gross amount of Eleven Thousand Eight Hundred Dollars and Zero Cents ($11,800.00)) belong to Drake. Rocanda has provided Drake with contact information for a DOL representative who may provide instructions to Drake about how to claim such funds being held by the Treasury.

4.      **Submission of the Settlement to the Court for Approval**: The Parties agree to recommend approval of their settlement by the Court as being fair, reasonable, and adequate. In that regard, Drake agrees that, within seven days after execution of this Agreement or earlier as required by the court, Drake will prepare and file the Settlement Agreement to the Court and shall apply for entry of a final order approving the settlement and dismissing the Lawsuit with prejudice.

5.      **No Tax Advice or Responsibility for Tax Consequences**: Drake agrees and understands that Rocanda does not provide tax advice, and Drake agrees to be solely responsible for any and all tax consequences that may result from the payments described in this Agreement. Drake also agrees Rocanda may report these payments to the Internal Revenue Service through any means as required by law. Rocanda and its attorneys make no representations to Drake or guarantee as to the taxability or tax consequences, if any, of the payments described in this Agreement. Drake represents that he has received or will receive advice from his own accountant or other tax professional regarding the tax consequences, if any, of the payments described in this Agreement, and any tax consequences resulting from this Agreement shall not affect its validity or finality.

6.      **Global Release of All Claims**: In consideration of the Settlement Payment, Drake, with the intention of binding Drake and Drake's heirs, executors, beneficiaries, administrators, successors and assigns, does hereby fully and unconditionally release, remise, acquit, and forever discharge Rocanda and its present and former agents, employees, trustees, officers, directors, shareholders, principals, predecessors, alter egos, partners, shareholders, customers, clients, vendors, parent companies, subsidiaries (whether wholly or partially owned), other affiliated or related entities, attorneys, joint employers, insurers, plan fiduciaries, successors, and assigns (together referred to as the "*Released Parties*"), from any and all claims, actions, causes of action, complaints, charges, demands, rights, damages, debts, sums of money, accounts, financial obligations, suits, expenses, attorneys' fees and liabilities of whatever kind or nature in law, equity or otherwise, whether accrued, absolute, contingent, unliquidated or otherwise and whether now known, unknown, suspected, or unsuspected which Drake, individually or as a member of a class, now has, owns, holds, or may hold, or has at any time heretofore had, owned, or held against any of the Released Parties (an "*Action*"), including, without limitation, any claim arising out of or in connection with Drake's hire, benefits, employment, termination, or separation from employment, including (i) for severance or vacation benefits, unpaid wages, salary, compensation, incentive payments or option or restricted stock unit awards or other equity awards or benefits, (ii) for breach of contract (whether oral or written and whether express or implied), promissory estoppel, wrongful discharge, impairment of economic opportunity, defamation, intentional infliction of emotional harm or other tort, (iii) for any violation of applicable state and local labor and employment laws (including, without limitation, all laws concerning wage and hour laws, harassment, discrimination, retaliation and other unlawful or unfair labor and employment practices), (iv) any and all Actions based on the Employee Retirement Income Security Act of 1974 (with respect to unvested benefits), (v) and any and all Actions arising under the civil rights laws of any federal, state or local jurisdiction, including, without limitation, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, Sections 503 and 504 of the Rehabilitation Act, the Immigration Reform Control Act, as amended, 42 U.S.C. § 1981, except as otherwise provided herein the Consolidated Omnibus Budget Reconciliation Act of 1985, the Family and Medical Leave Act, the Age Discrimination in Employment Act ("*ADEA*"), the Fair Credit Reporting Act, the Occupational Safety and Health Act of 1970, the Sarbanes Oxley Act of 2002, 42 U.S.C. §§ 1981, 1985, 1988, the Equal Pay Act, the Fair Labor Standards Act, the Workers Adjustment and Retraining Notification Act, the Texas Labor Code, the Texas Payday Law, and the Texas Commission on Human Rights Act, (vi) any and all federal, state and local laws, rules, regulations or common law relating to

discrimination, retaliation, whistleblowing, defamation, misrepresentation, fraud, tortious interference, wrongful discharge, breach of an express or implied contract, breach of a covenant of good faith and fair dealing, negligent or intentional infliction of emotional distress, and (vii) any and all claims and complaints Drake may have against any of the Released Parties, including those asserted din the Lawsuit. Drake understands and agrees that no right to individual relief in connection with any claim against any of the Released Parties is reserved, and this global release is intended to be interpreted to effect the broadest discharge of the Released Parties, to the maximum extent allowed by law and equity, of all claims that Drake might assert against the Released Parties. The identification of specific statutes is for purposes of example only, and the omission of any specific statute, law, or tort shall not limit the scope of this general release in any manner.

**The Parties agree that bona fide disputes exist between the Parties as to the amounts, if any, of overtime compensation and liquidated damages owed to Plaintiff. The Parties further agree the DOL Settlement payments and the Settlement Amount constitute all wages, compensation, damages, liquidated damages, costs, attorneys' fees, and any other relief that may be owed to Plaintiff under the FLSA, the Texas Labor Code, the Texas Payday Law, or any other state or federal statute, law, rule, or regulation governing the payment of wages or compensation of any kind, or any contractual or common law theory regarding alleged payment owed. Drake agrees this settlement is fair, reasonable, and adequate to him.**

Drake acknowledges he may have claims against one or more of the Released Parties that Drake does not know or suspect to exist or claims that Drake may not know or suspect to be assertable on behalf of other persons or entities (the "*Unknown Claims*"). Drake acknowledges that the Unknown Claims may be material and that they would, if known to Drake, materially affect his settlement with Rocanda and the Released Parties. For avoidance of any doubt, Drake waives any Unknown Claims and any right to modify, vitiate, or invalidate this Agreement, in whole or in part, based upon the existence or later identification or discovery of any Unknown Claims. Further, Drake waives his rights under any statute or common law rule providing that unknown claims are not compromised or released. Drake assumes the above-mentioned risks that the facts or law may be otherwise than he believes and agrees that this Agreement is to be interpreted to affect the broadest discharge of the Released Parties, to the maximum extent allowed by law and equity, of all claims that Drake might assert against the Released Parties.

By signing this Agreement, Drake represents, acknowledges, and agrees that: (i) Rocanda properly provided any leave of absence because of Drake's or a family member's health condition and Drake has not been subjected to any improper treatment, conduct, or actions due to a request for or taking such leave; (ii) Drake has had the opportunity to provide Rocanda with written notice of any and all concerns regarding suspected ethical and compliance issues or violations on the part of Rocanda or any other Released Parties; (iii) Drake has reported to Rocanda any pending judicial or administrative complaints, claims, or actions filed against Rocanda or any other Released Parties; (iv) Drake has not raised a claim of sexual harassment or abuse with Rocanda; and (v) Drake does not have any known workplace injury or occupational disease for which a claim for workers' compensation benefits could be made or an award of benefits could be issued.

7.      **Specific Release of ADEA Claims**: In further consideration of the Settlement Payment to be provided to Drake in this Agreement, Drake hereby irrevocably and unconditionally waives, releases, and discharges the Released Parties from any and all claims, whether known or unknown, from the beginning of time through the date Drake executes this Agreement, arising under the Age

Discrimination in Employment Act, as amended, and its implementing regulations. By signing this Agreement, Drake acknowledges, confirms, and intends for Rocanda to rely upon the following representations:

7.1    Drake has reviewed all aspects of this Agreement, has carefully read, and fully understands all the provisions and effects of this Agreement.

7.2    Drake has been, and is hereby, advised in writing to consult with an attorney before signing this Agreement, and Drake has in fact been represented by experienced legal counsel throughout all negotiations which preceded the execution of this Agreement. Drake's counsel has advised him of the terms and conditions of the Agreement.

7.3    Drake knowingly, freely, voluntarily, and without coercion agrees to all the terms and conditions set forth in this Agreement including, without limitation, its waiver, release, and covenants.

7.4    Drake is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which Drake is otherwise entitled.

7.5    Drake understands that the ADEA release in this Section 7 does not apply to rights and claims that may arise after the date on which Drake signs this Agreement.

7.6    Drake is not relying upon any representations, promises, predictions, projections, or statements made by or on behalf of Rocanda or any other Released Party, other than those that are specifically stated in this written Agreement.

8.    **Claims Not Released**: Notwithstanding Drake's broad waiver and release of claims, Drake does not waive, release, or discharge (i) any right to file an administrative charge or complaint with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission or other similar federal or state administrative agency or commission, although Drake does waive any personal right or entitlement to reinstatement, back pay, front pay, or any other types of damages or injunctive relief in connection with any actions taken by Drake or on Drake's behalf on his charge or administrative complaint; (ii) claims that cannot be waived by law, such as but not limited to claims for workers' compensation; and (iii) any rights to vested benefits, such as pension, retirement, equity, or welfare benefits, the rights to which are governed by the terms of the applicable plan documents and award agreements, if any.

9.    **Covenant Not to Sue**: Except to the extent that applicable law requires Drake be allowed to file an EEOC charge or other charge or complaint, Drake promises that he will not pursue or assert any claim settled, waived, or released by this Agreement. If Drake breaches this Agreement by asserting or maintaining a waived or released claim against Rocanda or any of the Released Parties, Drake will pay for all attorney's fees and costs Rocanda and the Released Parties incur in defending against Drake's allegations and claims, and Drake agrees to forfeit and repay Rocanda the gross sum of the consideration that Drake received under Section 2, including the Settlement Payment. Additionally, this Agreement may be pleaded as a full bar and release to the enforcement of any claim that Drake

may assert against any of the Released Parties. Drake will not be obligated to pay Rocanda's or other Released Parties' fees and costs or repay consideration paid to Drake under this Agreement as a result of Drake filing a complaint or charge with a government agency or a proceeding challenging the effectiveness of this Agreement under the ADEA, as amended.

10.    **No Existing Claims or Assignment**: Drake represents that he has not filed any charge, complaint, action, lawsuit, or other claim or proceeding of any nature against Rocanda or any of the Released Parties that is presently pending with any federal, state, or local court or administrative or governmental agency, including but not limited to the Equal Employment Opportunity Commission, the Texas Workforce Commission, the National Labor Relations Board, the Occupational Safety and Health Administration, or the Securities and Exchange Commission. Likewise, Drake represents that no portion of any claim, demand, cause of action, or other matter released by Drake herein, nor any portion of any recovery or settlement to which Drake might be entitled from any of the Released Parties, has been assigned, sold, conveyed, or transferred to any other person or entity, either directly or by way of subrogation or operation of law, including but not limited to any creditor or trustee of a bankruptcy estate.

11.    **Time to Consider Agreement and Revoke Acceptance**: This Agreement is not fully binding on either Party until signed by both Parties, Drake timely delivers a signed copy to Rocanda, Drake's revocation period expires, and Drake does not revoke his acceptance during the allowed period.

  11.1    Drake has twenty-one calendar days from the delivery date to sign and return this Agreement. Drake understands and agrees that he may use as much or as little of the twenty-one-day period as he wishes prior to signing and returning this Agreement and that he will voluntarily waive any remaining time by signing and returning the Agreement before expiration of the twenty-one-day period. If Drake has not signed and returned this Agreement to Rocanda on or before the twenty-first day, this Agreement will be null and void, not binding on either party, and Rocanda's offers stated herein shall be considered automatically withdrawn without further notice Drake.

  11.2    The Parties acknowledge that if they agree to change any of the terms of this Agreement in any manner after it is first delivered to Drake, even if the changes are material, the twenty-one-day consideration period will not restart or be extended.

  11.3    After signing and returning this Agreement, Drake will have the right to revoke his acceptance for a period of seven calendar days after signing it. Revocation within this period must be made in writing and delivered to Rocanda c/o its outside counsel, Kellen Scott, 1200 Smith Street, Suite 1400, Houston, Texas 77002, either by (i) hand delivery, (ii) courier with receipted delivery, (iii) certified mail, return receipt requested, or (iv) electronic mail to his attention at kellen.scott@chamberlainlaw.com, no later than the seventh calendar day after Drake first signs this Agreement. Mr. Scott must actually receive any written revocation notice under this subsection by this seven-day deadline. If properly and timely revoked, Drake will not be entitled to the consideration offered in this Agreement, and the Agreement will be rendered null and void (as if it never existed).

12.    **Attorneys' Fees and Costs**: Except as expressly provided in this Agreement, the Parties shall bear their own attorneys' fees, costs and expenses, taxable or otherwise, incurred by them or arising out of the Lawsuit and shall not seek reimbursement thereof from any party to this Agreement.

13.    **Entire Agreement and Disclaimer of Reliance**: The terms described in this Agreement constitute the entire agreement between the Parties with respect to the Agreement's subject matter and Drake's global release of claims, and this Agreement may not be altered or modified other than in a writing signed by both Parties or their counsel. No promise, inducement, or agreement not expressed herein has been made to Drake in connection with this Agreement. This Agreement is executed without reliance upon any representations by any person or entity concerning the nature of this Agreement, the amounts or payment Drake will receive from Rocanda and any of the Released Parties, the tax consequences of the payments or benefits under the Agreement, the claims being released, the legal liability therefore, the compensation or benefits to which Drake may be entitled, or any other representations of any type or nature except as set forth herein, and Drake further waives any claim of fraud, deceit, misrepresentation, nondisclosure, fraudulent inducement, or similar claims based on such alleged representations or omissions, including without limitation claims seeking damages or invalidation or rescission of all or any part of this Agreement. No contrary or supplementary oral agreement shall be admissible in any forum to contradict, alter, supplement, or otherwise change the meaning of this Agreement.

14.    **Successors, Assigns, and Third-Party Beneficiaries**: This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors, spouse, heirs, legal representatives, and permitted assigns. Drake acknowledges this Agreement is unique and personal and may not be assigned or delegated by Drake. Drake agrees Rocanda may freely and fully assign this Agreement upon a sale, reorganization, or other transaction of any kind relating to the ownership or control of Rocanda or its interest holders or assigns. This Agreement may not be interpreted to confer any rights or remedies upon any person other than as expressly set forth in this Agreement. For avoidance of all doubt, even if not a party to this Agreement, the Released Parties are intended third-party beneficiaries under this Agreement regarding their release rights and their ability to enforce this Agreement upon a breach by Drake, but the Agreement provides no rights to any other third-party except to the extent expressly set forth herein.

15.    **Full Cooperation and Joint Draftsmanship**: The Parties agree to use their best efforts and fully cooperate with each other to accomplish the terms of this Agreement and to take such other actions as may reasonably be necessary to implement and effectuate the terms of this Agreement, including the steps necessary to seek dismissal of the Lawsuit with prejudice and any other or further action required or ordered by the Court presiding over the Lawsuit. This Agreement will be construed as a whole according to its fair meaning and intent and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

16.    **Severability**: Each of the sections contained in this Agreement shall be enforceable independent of every other section in this Agreement. If any provision, term, or subpart of any provision or term of this Agreement is found to be invalid or unenforceable, the invalidity or unenforceability of that provision, term, or subpart shall not affect the validity or enforceability of any other provision, term, or subpart of this Agreement. Any such invalid or unenforceable provision, term, or subpart shall be reformed to the minimum extent possible to render it enforceable and

consistent with the Parties' intention expressed herein, and all other provisions, terms, and subparts of this Agreement will remain in effect as written.

17.    **Multiple Counterparts**: The Parties may sign this Agreement in multiple counterparts, all of which taken together shall be considered the Parties' executed Agreement.  A copy of a signed original of this Agreement shall have the same legal effect as an original.

The Parties have executed this Agreement to be effective as of the Effective Date.

Rocanda USA Inc.

Date: May 28, 2025

By: _____

Name: Andrew Romocki

Its: President

I have read everything in this Agreement, and I understand everything that is in this Agreement. I understand that this Agreement is a contract and a legal document and that I should talk to my lawyer about it before signing it. I hereby state that I have had all the time I want and need to talk to a lawyer about this Agreement before signing it. No one has made me any promises to get me to sign this Agreement, except for the promises that are written in this Agreement itself. No one has forced me to sign this Agreement and I sign it of my own free will. I understand that I can revoke my acceptance of this Agreement within seven days if I want to. I hereby accept and agree to all the terms of this Agreement.

I acknowledge that I have been told I am releasing any and all wage and hour claims which include any and all claims for wages, commissions, bonuses, money, overtime, severance pay, sick leave, holiday pay, vacation pay, life insurance, group medical insurance, stock grants, stock options, retirement plan contributions, benefits or any other fringe benefit of Rocanda; and any violations of state and/or federal wage and hour laws. Following this discussion, I choose to sign this Agreement.

Date: _____    Ryan Drake Signature: _____

Ryan Drake Printed Name: _____

consistent with the Parties' intention expressed herein, and all other provisions, terms, and subparts of this Agreement will remain in effect as written.

17.    **Multiple Counterparts**: The Parties may sign this Agreement in multiple counterparts, all of which taken together shall be considered the Parties' executed Agreement. A copy of a signed original of this Agreement shall have the same legal effect as an original.

The Parties have executed this Agreement to be effective as of the Effective Date.

Rocanda USA Inc.

Date: _____        By:    _____
                                     Name:    Andrew Romocki_____
                                     Its:    President_____

I have read everything in this Agreement, and I understand everything that is in this Agreement. I understand that this Agreement is a contract and a legal document and that I should talk to my lawyer about it before signing it. I hereby state that I have had all the time I want and need to talk to a lawyer about this Agreement before signing it. No one has made me any promises to get me to sign this Agreement, except for the promises that are written in this Agreement itself. No one has forced me to sign this Agreement and I sign it of my own free will. I understand that I can revoke my acceptance of this Agreement within seven days if I want to. I hereby accept and agree to all the terms of this Agreement.

I acknowledge that I have been told I am releasing any and all wage and hour claims which include any and all claims for wages, commissions, bonuses, money, overtime, severance pay, sick leave, holiday pay, vacation pay, life insurance, group medical insurance, stock grants, stock options, retirement plan contributions, benefits or any other fringe benefit of Rocanda; and any violations of state and/or federal wage and hour laws. Following this discussion, I choose to sign this Agreement.

Date:  05/28/25
_____        Ryan Drake Signature:    _Ryan Drake (May 28, 2025 13:18 CDT)_

                              Ryan Drake Printed Name:    Ryan Drake_____